IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDEN FOODS, INC.
(a Michigan corporation)

        Plaintiff

vs.

Java Holdings, Inc.
(a California Corporation)

        Defendant

Civil Action No. __-_____

---

Matthew E. Krichbaum (P52491)
Soble Rowe Krichbaum LLP
Attorneys for Plaintiff
302 E. Liberty
Ann Arbor, MI 48104
(734) 996-5600

---

COMPLAINT FOR TRADEMARK
INFRINGEMENT, UNFAIR COMPETITION
<u>AND TRADE NAME INFRINGEMENT</u>

(1)　This complaint asserts claims for trademark infringement, unfair competition, and trade name infringement arising under the Federal Trademark Act, 60 Stat. 427, 15 U.S.C. § 1051 *et seq.*, and the common law of the State of Michigan. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

(2)　This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

(3)　Eden Foods, Inc., is a corporation organized under the laws of the State of Michigan, having its principal place of business at 701 Tecumseh Road, Clinton, Michigan

49236.

(4) On information and belief, Defendant Java Holdings, Inc. is a California corporation ("Java Holdings") with offices at 16060 Ventura Boulevard, Suite 110-215, Encino, California 91436.

(5) On information and belief, Java Holdings is a "food liquidator" that purchases excess food and merchandise, including canned foods and other types of food products (meat and poultry, frozen foods, ice cream, appetizers and desserts), and liquidates these food products through sales to food banks, outlets stores, prisons and other customers. Java Holdings also provides repackaging and relabeling services and relabels and distributes certain of its excess foods under the EDEN trademark.

(6) On information and belief, Defendant Java Holdings is engaging in the advertising, promotion, distribution, offering for sale, and sale of a variety of food products under the trademark EDEN in interstate commerce, including in the State of Michigan.

(7) Defendant Java Holdings is subject to the personal jurisdiction of this Court pursuant to Mich. Comp. Laws §§ 600.705(1) and 600.705(2) by virtue of transacting business and causing tortious injury in the State of Michigan, respectively, as alleged more fully below.

(8) Venue in this Judicial District is proper under 28 U.S.C. § 1391.

## COUNT I - TRADEMARK INFRINGEMENT

(9) As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in acts of trademark infringement under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law, and incorporates by reference ¶¶ (1) through (8) of the complaint as a part of this count.

(10)   Long prior to the acts complained of herein, Plaintiff commenced use of the inherently distinctive word EDEN, alone and in combination with other words and/or distinctive designs, as a trademark in the United States for a wide variety of food products, including natural and organic foods and beverages, and Plaintiff has continuously used said mark on or in connection with such goods, and in the advertising and sale thereof, in interstate commerce since as early as 1967.

(11)   Plaintiff's EDEN food products are sold throughout the United States through a variety of retail outlets including, but not limited to, national and regional supermarket chains, local grocery stores, food cooperatives, health food stores, convenience stores and department stores. Plaintiff's EDEN products are also available through mail order outlets and via the Internet through Plaintiff's website accessible at <edenfoods.com> and other online retailers.

(12)   Plaintiff extensively advertises and promotes its EDEN food products through a variety of means including printed publications, distribution of printed promotional materials and via the Internet and social media.  Plaintiff's EDEN food products also are the subject of a large amount of gratuitous, positive publicity.

(13)   Plaintiff's annual sales of EDEN food products in the United States have exceeded One Hundred Million Dollars ($100,000,000) for a number of years, and Plaintiff has spent substantial sums in advertising such products.

(14)   Plaintiff has assiduously and successfully policed its trademark rights in the EDEN name before Federal District Courts and the Trademark Trial and Appeal Board for many decades.

(15)   As a result of Plaintiff's extensive and substantial advertising and sales of

food products under the trademark EDEN and the maintenance of premium quality standards relating thereto, said mark is well and favorably known to the general public throughout the United States as a distinctive indication of origin and was so long prior to Defendant's first use of the trademark EDEN, which is the subject of this civil action

(16) Plaintiff duly registered EDEN as a trademark for the following food products in the USPTO under Registration No. 1,452,337, which issued August 11, 1987, and has been duly renewed:

- Pickled plums; processed and unprocessed dried fruits; processed nuts; processed seeds; vegetable oils; namely, olive oil, safflower oil, sesame oil; and snack foods consisting of processed nuts, processed seeds and dried fruits.

- Processed grains, namely, wheat flour, buckwheat flour, millet flour, rice flour, rye flour; pasta, namely, wheat noodles, wheat and spinach noodles, wheat and buckwheat noodles; soy sauce; barley malt syrup for table use; vinegar; mustard; tomato based spaghetti sauce; sea salt for table use; beverage consisting of tea and herbs.

- Unprocessed beans, namely, aduki, black turtle beans, kidney beans, great northern beans, green lentils, navy beans, pinto beans, soy beans; unprocessed peas, namely, chickpeas; unprocessed nuts; unprocessed edible seeds; unprocessed grains, namely barley, rice, wheat, buckwheat and millet; unprocessed corn and unpopped popcorn; and unprocessed sea vegetables, namely sea weed.

(17) Plaintiff duly registered EDEN as a trademark for the following food products in the USPTO under Registration No. 1,862,634, which issued November 15, 1994, and has been duly renewed:

- Vegetable oils, crushed tomatoes, sauerkraut, and processed can beans.

- Pasta; pizza sauce; teas; crackers; chips; misos; and condiments; namely, mustard, sea salt, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito

4

    flakes, pickled ginger, tekka, wasabi powder, tamari, and shoyu.

- Unprocessed grains; namely, barley, wheat, and quinoa.

(18) Plaintiff duly registered EDEN as a trademark for fruit butter, fruit sauce and fruit juice, in the USPTO under Registration No. 2,229,053, which issued March 2, 1999, and has been duly renewed.

(19) Plaintiff duly registered EDEN ORGANIC & Fern Design as a trademark for the following food products in the USPTO under Registration No. 2,272,652, which issued August 24, 1999, and has been duly renewed:

- Vegetable oils; processed vegetables; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; and dried fruits.

- Rice; pasta and noodles; breakfast cereals; syrup for table use; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; and seasonings, namely, processed sesame seeds.

(20) Plaintiff duly registered EDEN as a trademark, for dietary food supplements, namely, orally ingested enzymes beneficial to human intestinal bacteria, in the USPTO under Registration No. 2,360,206, which issued June 20, 2000, and has been duly renewed.

(21) Plaintiff duly registered EDEN as a trademark, for dietary food supplements, namely, edible kombu root seaweed and ume plum concentrate, in the USPTO under Registration No. 2,503,977, which issued November 6, 2001, and has been duly renewed.

(22) Plaintiff duly registered EDEN as a trademark, for processed popcorn for popping, in the USPTO under Registration No. 2,977,773, which issued July 26, 2005, and has been duly renewed.

(23) Plaintiff duly registered EDEN FOODS as a trademark for the following food products in the USPTO under Registration No. 3,071,337, which issued March 21,

2006, and has been duly renewed:

- Vegetable oils; processed vegetables; soybean based food beverages; soybean based misos; nut and fruit butters; processed nuts; processed edible seeds; processed mixture consisting of any combination of fruits, nuts and seeds; and vegetable chips and dried fruits.

- Tea; sugar; rice; pasta and noodles; flour; breakfast cereals; honey; syrup for table use; candy; salt; mustard; vinegar; sauces, namely, pizza and spaghetti sauces, soy sauce; processed grains; rice and grain based food beverages; herbal food beverages; seasonings, namely, processed sesame seeds, garlic pastes, furikake, pickled beefsteak leaf powder, bonito flakes, pickled ginger, tekka, wasabi powder; crackers; brown rice chips; and granola.

(24) Plaintiff duly registered EDEN as a trademark, for dried cherries, in the USPTO under Registration No. 3,102,575, which issued June 13, 2006, and has been duly renewed.

(25) Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,264,570, which issued on December 25, 2012, and covers retail and on-line store featuring food products.

(26) Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,272,393, which issued on January 8, 2013, and covers the following products:

- processed beans; processed fruits; processed tomatoes and crackers; entrees and side dishes consisting primarily of rice and beans.

(27) Plaintiff duly registered EDEN as a trademark in the USPTO under Registration No. 4,431,041, which issued on November 12, 2013, and covers the following products:

- tooth powder; dietary food supplements and nutritional supplement concentrates; sushi mats; processed vegetables; chili; processed mushrooms; raisins; tofu; vegetable based food beverages; prepared entrees consisting primarily of beans with rice and other side dishes; Umeboshi plum paste; grain based food beverages; natural food sweeteners; arrowroot for use as a food thickener; rice; Ponzu sauce; prepared entrees consisting primarily of rice with beans and other side

6

dishes; edible spices; concentrates for making non-alcoholic beverages; and cooking wine.

(28) In addition to food products, Plaintiff's EDEN mark is used and registered for services, such as follows:

- Registration No. 4,171,490, which issued on July 12, 2012, and covers services including downloadable electronic newsletters in the field of food and food-related topics, nutrition, heath and diet, farming and agricultural and environmental issues.

- Registration No. 4,264,567, which issued on December 25, 2012, and covers services including retail and on-line store featuring food and beverage products; and

- Registration No. 4,336,312, which issued on May 14, 2013, and covers services including downloadable software in the nature of an application for obtaining news and information in the field of food and food related topics, nutrition, health and diet and related textual, audio and video content on mobile and stationary electronic devices;

(29) Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,360,206, 2,503,977, 2,977,773, 3,071,337, 3,102,575, 4,171,490, 4,264,567, 4,264,570, 4,272,393, 4,336,312 and 4,431,041, are *prima facie* evidence of the validity and exclusive right to use of the mark EDEN, alone and in combination with other words and/or designs, and are constructive notice of ownership thereof, all as provided by §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 1057(b) and 1072. As the right to use the mark EDEN, alone and in combination with other word and designs, has become incontestable, Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,360,206, 2,503,977, 2,977,773, 3,071,337 and 3,102,575 are conclusive evidence of Plaintiff's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b). True copies of Registration Nos. 1,452,337, 1,862,634, 2,229,053, 2,272,652, 2,360,206, 2,503,977, 2,977,773, 3,071,337,

3,102,575, 4,171,490, 4,264,567, 4,264,570, 4,272,393, 4,336,312 and 4,431,041 are attached hereto as Exhibit A, and made a part hereof.

(30)  Notwithstanding Plaintiff's well-known and prior established rights in the mark EDEN for food products, Defendant has engaged in the advertising, promotion, distribution, offering for sale, and sale of a variety of food products under the trademark EDEN shown below in the State of Michigan and interstate commerce:



Defendant uses the trademark EDEN in combination with other words and/or a designs; however, the EDEN formative is the most prominent element of the trademark.

(31)  On information and belief, Defendant is a purchaser of "excess food" that it distributes and sells to food banks, prisons and outlet stores. Outlet stores include companies such as Dollar Tree and Menards. Food products sold and distributed by Defendant under the EDEN name include, but are not limited to, canned peach halves, canned peach slices, canned crushed pineapple, and canned pear halves. This includes the purchase and distribution of "short-coded" food products, which are near their expiration date.

(32)  The parties' products are closely related and move through the same and/or closely related channels of trade to the same or closely similar classes of purchasers.

(33)  Eden Foods is experiencing actual instances of confusion with respect to Defendant's products.

8

(34)   Had Defendant performed any kind of trademark search prior to the branding of its products, or at any time thereafter, it would have discovered Plaintiff's numerous, long-standing federal trademark registrations.

(35)   Defendant's use of the trademark EDEN in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendant's food products are in some way sponsored or approved by, or are otherwise affiliated or connected with, Plaintiff. Defendant's use of the trademark EDEN accordingly infringes Plaintiff's rights in the mark EDEN, alone and in combination with other words and designs, under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

(36)   Unless enjoined by this Court, Defendant will continue to infringe Plaintiff's trademark EDEN, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT II – UNFAIR COMPETITION

(37)   As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in acts of unfair competition under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and at common law, and incorporates by reference ¶¶ (1) through (36) of the complaint as a part of this count.

(38)   By reason of Plaintiff's prior adoption and use of the EDEN trademark, Plaintiff's rights in and to that name are superior to and supersede Defendant's right to use "EDEN" as a designation for identical and closely-related food products.

(39)   Defendant's use of the trademark EDEN in connection with food products in the manner hereinabove alleged constitutes a false designation of origin within the meaning of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1).

(40) Defendant's acts as stated herein deceive and tend to deceive the public into believing, falsely, that Defendant's goods are those of, are sponsored or approved by, or are in some other way connected with Plaintiff, all to the irreparable injury of Plaintiff's trade and goodwill and to the injury of the public.

(41) Unless enjoined by this Court, Defendant will continue said acts of unfair competition, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT III - TRADE NAME INFRINGEMENT

(42) As a cause of action and ground for relief, Plaintiff alleges that Defendant is engaged in trade name infringement at common law and incorporates by reference ¶¶ (1) through (41) of the complaint as part of this count.

(43) Plaintiff has continuously used EDEN FOODS as a trade name in connection with food products since at least as early as 1967, long prior to the acts of Defendant complained of herein.

(44) As a result of the substantial and extensive advertising and sales of food products under the trade name EDEN FOODS and Plaintiff's maintenance of premium quality standards relating thereto, said trade name is well and favorably known as a distinctive indication of origin of the food products sold by Plaintiff and as a symbol of the highest quality products.

(45) Defendant's use of the trademark EDEN in the manner hereinabove alleged is likely to cause the public to believe, contrary to fact, that Defendant and its products sold under said trademark are in some way sponsored or approved by, or are otherwise affiliated or connected with, Plaintiff and thus infringes the trade name EDEN FOODS at common law.

(46) Unless enjoined by this Court, Defendant will continue to infringe the trade name EDEN FOODS, thereby deceiving the public and causing Plaintiff immediate and irreparable damage for which it has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays that:

(1) The Court enter judgment that Defendant has infringed the trademark EDEN under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law; has engaged in acts of unfair competition in violation of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and the common law; has infringed the trade name EDEN FOODS at common law; and has otherwise injured Plaintiff's business reputation by using the trademark EDEN in the manner complained of herein.

(2) Defendant and each of its respective agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

    (a) Using any trademark, service mark, corporate name, domain name or other commercial indication of origin that consists of or incorporates the mark EDEN or any other trademark, service mark, trade name, corporate name, domain name and/or other commercial indication of origin that is confusingly similar to EDEN;

    (b) Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein; and

    (c) Otherwise infringing the trademark EDEN and the trade name EDEN FOODS.

(3) Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, Defendant

be directed to deliver up for destruction or other disposition by Plaintiff all advertisements, brochures, labels, packaging, signs, prints, decals, business cards, order forms, and all other materials in the possession, custody, or under the control of Defendant that bear or are labeled with the trademark EDEN, alone and in combination with other words.

(4) Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), as amended, Defendant be required to pay to Plaintiff the damages which Plaintiff has sustained as a result of Defendant's acts of trademark infringement and unfair competition.

(5) Pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a), as amended, Defendant be required in equity to account for and pay to Plaintiff the profits Defendant has realized which are attributable to its acts of trademark infringement and unfair competition.

(6) Defendant be required to pay to Plaintiff both the costs of this action and, in view of the exceptional nature of this case, reasonable attorneys' fees in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117.

(7) Plaintiff be granted such other, different and additional relief as this Court deems equitable and proper.

## JURY DEMAND

In accordance with Rule 38 Fed. R. Civ. P., Plaintiff hereby requests a trial by jury of all issues so triable.

EDEN FOODS, INC.

Date: July 10, 2017

By: /s/ Matthew Krichbaum
    Matthew E. Krichbaum (P 52491)
    Soble Rowe Krichbaum LLP
    302 E. Liberty
    Ann Arbor, Michigan 48104
    Telephone: (734) 996-5600
    Facsimile: (734) 662-0552
    Email: matthew@srkllp.com

    and

    Christopher Kelly
    Christopher M. Mills
    Wiley Rein LLP
    1776 K Street, N.W.
    Washington, D.C. 20006
    Telephone: (202) 719-7000
    Facsimile: (202) 719-7049
    Email:   ckelly@wileyrein.com
             cmills@wileyrein.com